Salt Water Transportation — Disposal — Dumping — Arrest Corporation Commission has the duty, upon reasonable belief that any motor vehicle is being operated without a Class "B" motor carrier operating permit, to require driver to show the registration certificate and to make an arrest where violations are detected. The Attorney General has had under consideration your letter dated May 24, 1968, in which you state and inquire as follows: "1. We have had numerous complaints from the Panhandle Counties of Oklahoma, regarding the transportation of salt water into the State of Oklahoma from outside of Oklahoma and disposing of same in salt water disposal wells in the State of Oklahoma. Is this unlawful and what would be the duties of the Corporation Commission in this regard? "2. What duty, if any, does the Corporation Commission have in the apprehension or criminal prosecution of motor carriers who violate the misdemeanor provisions of sub-sections (a) and (b) of Section 47 O.S. 177.3 [47-177.3] of Title 47, Oklahoma Statutes, 1967 Supplement?" Your questions relate to 47 O.S. 177.1 [47-177.1] — 47 O.S. 177.3 [47-177.3] [47-177.3] (1967). These statutes provide as follows: Section 47 O.S. 177.1 [47-177.1] "The term `Motor Carrier' as used herein shall mean every person natural or corporate, and every firm, association, trust or entity whatever, including corporate officers, directors, employees and agents, as well as the corporation itself, and any individual or agent of a `Motor Carrier', who shall transport by motor vehicle deleterious liquids or other substances harmful to livestock, crops or croplands, including but not limited to salt water and similar substances being transported for disposal or otherwise, for any valuable consideration whatever and in any quantity over twenty (20) gallons." Section 47 O.S. 177.2 [47-177.2] "No motor carrier shall engage in the business of transporting substances described in Section 1 hereof without a Class "B" Motor Carrier operating permit and a Salt Water Disposal License to be issued by the Oklahoma Corporation Commission. The Commission shall maintain a current list of such licenses. The Commission shall charge the authorized Class `B' Motor Carrier application fee and such salt water disposal licensing fees as will cover the cost of issuing such licenses and shall promulgate the necessary regulations in connection therewith. The provisions of this Act are supplemental and are in addition to the laws applicable to motor carriers." Section 47 O.S. 177.3 [47-177.3] "(a) It shall be unlawful for a motor carrier to dump, disperse or otherwise release substances described in Section 1 hereof upon a public highway or elsewhere except on property or in wells, reservoirs or other receptacles owned, held, leased or otherwise rightfully and legally available to the motor carrier for such use and purpose. "(b) It shall be unlawful for any motor truck or tank vehicle used to transport salt water or other deleterious substances referred to herein to have a release device located or operated in any manner from within the cab of such a motor vehicle. "(c) Any violation of the foregoing subsections (a) or (b) shall constitute a misdemeanor. It shall be the duty of the prosecuting attorney of the County in which a violation of this Act occurs to file and prosecute the aforementioned misdemeanor charge and advise the Corporation Commission of such action and the results thereof. Upon finding at a public hearing of violation by a motor carrier, the Corporation Commission shall, pursuant to its jurisdiction under the motor carrier laws, revoke, alter, suspend or amend the Class `B' Motor Carrier operating permit and the license of the carrier involved, or take other appropriate action. In addition, the Commission shall impound the motor truck and tank vehicle of the motor carrier involved until a liability insurance policy or bond is furnished in an amount to be set by the Commission sufficient to assure compliance with this Act." If the disposal wells referred to in your first question are receptacles which are "owned, held, leased or otherwise rightfully and legally available to the motor carrier for such use and purpose" within the meaning of Section 47 O.S. 177.3 [47-177.3], then the act of disposing of salt water in same, standing alone, is not unlawful. We direct your attention, however, to that provision of Section 47 O.S. 177.2 [47-177.2] which requires that a motor carrier engaged in the business of transporting salt water and the other deleterious liquids and substances described in Section 47 O.S. 177.1 [47-177.1], in quantity over twenty gallons, must obtain a Class "B" Motor Carrier operating permit and a Salt Water Disposal License from the Oklahoma Corporation Commission. The Class "B" Motor Carrier permit is established by the laws relating to the regulation of motor carriers, 47 O.S. 161 [47-161] — 47 O.S. 176 [47-176] (19610, as amended in O.S.Supp. 1967. Section 167 provides in relevant part as follows: "It is hereby declared unlawful for any motor carrier heretofore defined as a Class "B" carrier to operate any motor vehicle upon any public highway for the transportation of passengers or property for compensation within this state without first having obtained from the Corporation Commission a permit. . . ." Section 47 O.S. 172 [47-172] provides in part for the appointment of enforcement officers by the Corporation Commission. Said section contains this pertinent language in regard to such officers: ". . . (e) Enforcement officers so appointed by the Corporation Commission, are hereby declared to be peace officers of the State of Oklahoma, shall be vested with all powers of peace officers in enforcing the provisions of this Act, and shall be so deemed and taken in all courts having jurisdiction over offenses against the laws of the State. "The powers and duties hereby conferred upon the enforcement officers appointed by the Corporation Commission, shall be subordinate to and in no way a limitation on the powers and duties of sheriffs or other peace officers of the State, or any political subdivision thereof, or of members of the Division of Highway Patrol, under the Department of Public Safety. Enforcement officers provided for in this Section shall have the power to exercise the authority herein conferred in all parts of the State of Oklahoma. "(f) Such enforcement officers when on duty, upon reasonable belief that any motor vehicle is being operated in violation of any provisions of this Act, shall be authorized to require the driver thereof to stop and exhibit the registration certificate issued for such vehicle, to submit to an inspection of the identification plate, or plates, on such vehicle, and to submit to such enforcement officer bills of lading, waybills or other evidences of the character of the commerce being transported in such vehicle, and to submit to an inspection of the contents of such vehicle for the purpose of comparing same with bills of lading, waybills of other evidences of transportation carried by the driver thereof. "(g) Such enforcement officers are hereby authorized to serve all warrants, writs and notices issued by the Corporation Commission relating to the enforcement of the provisions of this Act and the rules, regulations and requirements prescribed by the Corporation Commission hereunder. "(h) Such enforcement officers shall not have the power or right of search, nor shall they have the right of power of seizure, except as provided in this Act; provided, that said enforcement officers are hereby authorized to hold and detain any motor vehicle operating upon the highways of this State, where, said enforcement officer has reason to believe that such vehicle is being operated contrary to the provisions of this Act, or the rules, regulations and requirements of the Corporation Commission promulgated hereunder. . . ." In answer to your first question, it is clear that enforcement officers of the Corporation Commission have the duty, upon reasonable belief that any motor vehicle is being operated without a Class "B" Motor Carrier operating permit, to stop such vehicle, require the driver thereof to exhibit the registration certificate issued for such vehicle and, since such enforcement officers have the powers of peace officers, to make an arrest where violations are detected. We are confronted with a different problem in answering your second question. Under those provisions of 47 O.S. 172 [47-172] (1961), relating to enforcement officers, which we have quoted above, the powers and duties of such enforcement officers are limited to the enforcement of the provisions of "this Act", meaning 47 O.S. 1961 Sections 161-176[47-161-176] [47-161] — [47-176], as amended. But 47 O.S. 177.1 [47-177.1] — 47 O.S. 177.3 [47-177.3] is an entirely different Act which contains no provisions for enforcement of its provisions by enforcement officers of the Corporation Commission. You will note that at the outset of this opinion we emphasized that portion of 47 O.S. 177.2 [47-177.2] (1967) which provides that, "The provisions of this Act are supplemental and are in addition to the laws applicable to motor carriers." The only way in which the Corporation Commission, through its enforcement officers, could be deemed to have any duties of enforcing the new statutory provisions dealing with deleterious substances, specifically 47 O.S. 177.3 [47-177.3] (1967), would be to hold that the language last quoted above has the effect of amending 47 O.S. 1961 Sections 161-176[47-161-176] [47-161] — [47-176], as amended, so as to extend the powers and duties of enforcement officers under Section 172 thereof to the new Act. The legality of such construction is determinative of your second question. Article V, Section 57 of the Oklahoma Constitution provides in that part pertinent here as follows: ". . . and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: . . ." To attempt to extend the powers and duties of the enforcement officers to the new Act would be to run afoul of this constitutional provision, since we would have to hold, in essence, that the legislature attempted in Section 47 O.S. 177.2 [47-177.2] of the new Act to amend or extend the provisions of the old Act by reference to its title only. In this regard, the Supreme Court of Oklahoma pertinently held in the syllabus of the opinion in the case of Board of County Com'rs of Tulsa County v. Oklahoma Tax Commission, 202 Okl. 269, 212 P.2d 462, as follows: ". . . 3. The provisions of Article V, Section 57 of the State Constitution that `no law' shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length', are restrictive and mandatory; and when a section of an act is amended the same must be complete within itself, so that when published as amended it will contain all the law upon the subject embraced in the section. "4. Where an act is not complete in itself, and is clearly amendatory of a former statute, it falls within the constitutional requirement that the statute be reenacted as amended, whether or not it purports on its face to be amendatory thereof. . . ." And note this significant language in the body of the opinion in the case of Adams v. Fry,204 Okl. 407, 230 P.2d 915, in which the court cited its opinion in the Board of County Com'rs of Tulsa County case, supra: "Where, as in this case, the new act is not complete, but refers to a prior statute, which is changed, but not repealed, by the new act, so that the full declaration of the legislative will on the subject can only be ascertained by reading both statutes, the very obscurity and the tendency to confusion will be found which constitute the vice prohibited by this section of the Constitution." In consideration of these principles of law, the Attorney General concludes, in answer to your second question, that the Corporation Commission has no duties in the apprehension or prosecution of motor carriers who violate the misdemeanor provisions of 47 O.S. 177.3 [47-177.3] (1967). (Charles L. Owens)